UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRONE ZWIEGART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.: 16-CV-1182 |
| | ) |
| DAN TRAVOUS, | ) |
| individually and in his official capacity; | ) |
| | ) |
| DOUG MAUE, | ) |
| CLINTON COUNTY SHERIFF, | ) |
| individually and in official capacity; | ) |
| | ) |
| CLINTON COUNTY, ILLINOIS, | ) |
| a municipal corporation; | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Comes Now, Plaintiff, TYRONE ZWIEGART, by and through his attorney Jarrod P. Beasley of Kuehn, Beasley & Young, P.C., and for his Complaint states as follows:

### INTRODUCTION

1. This is a civil action seeking money damages against Defendants Dan Travous and Doug Maue, individually and in their official capacity as officers of the Clinton County Sheriff's Department; and Clinton County, for committing acts, under color of state law, which deprived plaintiff of rights secured under the Constitution and laws of the United State and the State of Illinois and for refusing or neglecting to prevent such deprivation and denials

Page 1 of 12

to Plaintiff.

## PARTIES

2. Plaintiff is a citizen of the State of Illinois

3. Defendant Travous was at all relevant times related to this Complaint in the employ of Clinton County, Illinois as a Deputy Sheriff.

3. Defendant Maue was the Sheriff of Clinton County during all relevant times related to this Complaint.

4. Defendant Clinton County is a municipal corporation pursuant to the Constitution and Laws of the State of Illinois.

## JURISDICTION

5. This Court has jurisdiction of this action as the actions complained of occurred in Clinton County in the Southern District of Illinois.

6. Plaintiff's claims arise under the Fourth and Fourteenth Amendment to the United States Constitution, and the laws of the State of Illinois. Plaintiff's rights therein may be redressed pursuant to 42 U.S.C. §§1983 and 1988.

## EVENTS COMMON TO ALL COUNTS

7. On or about June 30, 2016, Plaintiff was a passenger in an automobile with an acquaintance that was turning around near the intersection of Illinois Route 60 and Highline Road in Clinton County, Illinois.

8. At that time, neither the driver nor the occupants of the vehicle had been

observed to have committed a crime.

9. Defendant Travous became "suspicious" for some unknown reason. He also observed passengers in the car.

10. While following the car, Defendant ran the plates on the automobile Plaintiff was in.

11. The plates returned as expired.

12. At this point, Defendant Travous engaged in a high speed pursuit of the vehicle for over 10 minutes, at least half of this without activating his emergency lights.

13. That Defendant Travous engaged in this high speed pursuit in violation of the policies and procedures of Clinton County and good police practices. As a result of this ill-conceived chase, the automobile he was chasing was wrecked and the plaintiff was severely injured.

## COUNT I – EXCESSIVE FORCE (VIOLATION OF FOURTH AMENDMENT)
### (Against Defendant Travous in his individual and official capacities)

14. By this reference, Plaintiff incorporates each and every allegation set forth in paragraph 1 through 13 of this Complaint as though fully set forth herein.

15. The use of potentially deadly force in trying to affect Plaintiff's seizure and arrest was unjustified and unreasonably excessive in that Plaintiff had not committed a crime of any variety. Nor did Defendant have probable cause to believe that Plaintiff committed a crime involving the infliction or threatened

infliction of serious physical harm.

16. That plaintiff had his liberty and freedom of movement seized by Defendant Travous.

17. Plaintiff committed no felony, nor has he been charged with the commission of any felony in relation to this incident.

18. The deadly force by Defendant in effectuating the arrest and seizure of the driver of the vehicle and by circumstance, of the plaintiff, was unreasonable and unjustified in light of the circumstances. Defendant's pursuit was not justified as the driver was only being pursued for a traffic violation. Engaging in a high speed pursuit of someone only guilty of a traffic offense is unreasonably dangerous and in violation of the policies and procedures of Clinton County and the best police practices.

19. As a direct and proximate result of the unlawful and malicious conduct Defendant committed under color of law and under his authority as an Deputy Sheriff, Plaintiff suffered grievous bodily harm and was deprived of his right to be secure in his person, against unreasonable seizure of his person and the use of excessive force, in violation of the Fourth Amendment of the Constitution of the United States and 42 U.S.C. §1983.

20. As a direct and proximate result of the malicious and outrageous conduct of the Defendant, Plaintiff suffered severe and permanent injuries and damages,

including several surgeries, broken bones, a permanent limp, abrasions to his body and scarring. In addition, Plaintiff has suffered continuing pain, mental anguish, fear and consternation. Furthermore, Plaintiff has suffered special damages in the form of continuing medical expenses resulting from ongoing physical and mental complications, and will incur such damages in the future in amounts of which have not yet been determined.

21. The acts of Defendant were intentional, wanton, malicious and oppressive, thus entitling Plaintiff to an award of punitive damages against said Defendant in his individual capacities.

22. If Plaintiff prevails, he is entitled to an award of attorney's fees and costs pursuant to 42 U.S.C §1988.

WHEREFORE, Plaintiff prays for judgment against Defendant Travous in excess of FIFTY THOUSAND DOLLARS ($50,000.00), jointly and severally, for compensatory and punitive damages, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

<u>COUNT II – EXCESSIVE FORCE
(VIOLATION OF SUBSTANTIVE DUE PROCESS)</u>
(Against Travous in his individual and official capacities)

23. By this reference, Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 22 of this Complaint as though fully set forth herein.

24. Defendant Travous used unnecessary, potentially deadly force in pursuing

Plaintiff, and in doing so, deliberately intended to cause harm and injury to Plaintiff unrelated to the legitimate object of arresting the driver of the vehicle being pursued.

25. Defendant's use of excessive force against Plaintiff was shocking to the conscience in that in amounted to an arbitrary abuse of the power entrusted in them to serve and protect the public.

26. As a direct and proximate result of the unlawful, intentional and malicious conduct of Defendant committed under color of law and under his authority as Deputy Sheriff, Plaintiff suffered grievous bodily harm and was deprived of his right to substantive due process, in violation of the Fourteenth Amendment of the Constitution of the United States and 42 U.S.C. §1983.

27. As a direct and proximate result of the intentional, malicious and outrageous conduct of Defendant, Plaintiff suffered severe and permanent injuries and damages, including several surgeries, broken bones, a permanent limp, abrasions to his body and scarring. In addition, Plaintiff has suffered special damages in the form of continuing medical expenses resulting from ongoing physical and mental complications, and will incur such damages in the future in amounts which have not yet been determined.

28. The acts of Defendant were intentional, wanton, malicious and oppressive, thus entitling Plaintiff to an award of punitive damages against said

Defendants in their individual capacities.

29. In Plaintiff prevails, he is entitled to an award of attorney's fees and costs pursuant to U.S.C. §1988.

WHEREFORE, Plaintiff prays for judgment against Defendant Travous in excess of FIFTY THOUSAND DOLLARS ($50,000.00) jointly and severally, for compensatory and punitive damages, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

### COUNT III - SUPERVISORY LIABILITY COGNIZABLE UNDER 42 U.S.C. §1983
**(Against Defendant Maue in his individual and official capacity)**

30. By reference, Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 29 of the Complaint as though fully set forth herein.

31. Defendant Maue served as Sheriff of Clinton County during the relevant time period of these events, and as such, was the supervisor of all Deputy Sheriffs in the County.

32. During his tenure as Sheriff, he has received complaints about the conduct of Defendant Travous and/or other deputies of Clinton County regarding, among other things, their violations of pursuit policy or other overzealous actions, or in the exercise of due diligence would have perceived that Defendant had conduct and disciplinary problems that posed a pervasive and unreasonable risk of constitutional injury to citizens like Plaintiff.

33. As commanding officer, Defendant Maue was responsible for the training, instruction, supervision, discipline and control of Defendant Travous and the other Deputies of Clinton County.

34. Defendant Maue as Sheriff knew or in the exercise of due diligence should have known that the conduct of Defendant Travous, as displayed towards Plaintiff in the incident, was likely to occur.

35. Defendant Maue acting within the scope and course of his employment, failed to take any preventative or remedial measures, including but limited to disciplinary actions and training with respect to proper pursuit procedures, to guard against the conduct of Defendant Travous, which is more fully set forth and described herein, and had Defendant Maue taken such measures, Plaintiff would not have suffered the deprivation of his rights as more fully set forth herein.

36. The failure of Defendant Maue to take such measures amounted to gross negligence, deliberate indifference and/or tacit authorization of the offensive conduct and practices which directly caused the constitutional deprivation suffered by Plaintiff.

37. Defendant Maue failed to train, instruct, supervise and discipline Defendant Travous and other Sheriffs of Clinton County, despite having knowledge of prior constitutional violations and misconduct by said officers.

38. As a result, Plaintiff was deprived of his right to be secure against the unlawful and unreasonable seizure of his person, the use of excessive or deadly force and the right to substantive due process in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §1983. The deprivation of such rights caused Plaintiff to suffer damages.

39. If Plaintiff prevails, he is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays for judgment against Defendant Maue, in excess of FIFTY THOUSAND DOLLARS ($50,000.00), for compensatory damages, plus costs of this action, attorneys' fees, and such other relief as the Court deems fair an appropriate under the circumstances.

### COUNT V – WILFULL AND WANTON NEGLIGENCE
### (SUPPLEMENTAL STATE LAW CLAIM)
**(Against Defendant Travous in his individual and official capacities)**

40. By this reference, Plaintiff incorporates each and every allegation and averment contained in paragraphs 1 through 39 of this Complaint as though fully set forth herein.

41. Defendant used potentially deadly force in their seizure of Plaintiff.

42. Defendant Travous had a duty to exercise reasonable care to not injure persons at large, and plaintiff specifically, in engaging in this pursuit.

43. That the pursuit was not authorized by policy or procedure and violated the best police practices.

44. That in his ill-fated pursuit, Defendant had multiple opportunities to cease the pursuit of a traffic offender.

45. That engaging in a high speed pursuit of a person wanted for expired registration constituted a gross disregard for the safety of the public and the plaintiff in particular.

46. As a result of Defendant's willful and wanton conduct, Plaintiff sustained damages.

47. Defendants acted intentionally, willfully and maliciously when he pursued a traffic offender in violation of the policies and procedures of his department and in violation of the Illinois Vehicular Code.

WHEREFORE, Plaintiff prays for judgment against Defendant Travous in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00, for compensatory damages that is just and reasonable and for punitive damages against the above Defendants in their individual capacities only, plus costs of this action, and for such other and further relief that the Court deems fair and appropriate under the circumstances.

### COUNT VI – IDEMNIFICATION)
(Against Defendant Clinton County)

48. By this reference, Plaintiff incorporates each and every allegation and

averment contained in paragraphs 1 through 47 of this Complaint as though fully set forth herein.

49. Pursuant to 745 ILCS 10/9-102 the county is required to pay any tort judgment or settlement for compensatory damages of its employee while acting within the scope of his employment.

50. Defendants were acting in the course and scope of their employment at all times referenced in the complaint.

51. Clinton County is an indispensable party to this litigation under Federal Rule 19.

WHEREFORE, the plaintiff, demands judgment against the defendant Clinton County in excess of FIFTY THOUSAND DOLLARS ($50,000.00), for the amount of any judgment entered against Defendants Travous or Maue and for such further relief as this Court deems just and proper.

Respectfully Submitted,

/s/ Jarrod P. Beasley
Jarrod P. Beasley #6274536
Kuehn, Beasley & Young, P.C.
23 Public Square, Suite 450
Belleville, IL 62220
Phone: 618.277.7260
Fax: 618.277.7718
jpbeasley@kuehnlawfirm.com

And

/s/ Morgan J. Hermanson
Ms. Morgan Hermanson #62322580
2105 Vandalia St., Ste. 12B
Collinsville, IL 62234
Phone:  618-223-8200
Fax:  618-223-8355